UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY, ) ) ) Plaintiff and Counterdefendant, ) ) v. ) ) SOUTHWEST LANDSCAPING & MAINTENANCE, INC., et al., ) ) ) Defendants and Counterclaimants. ) | 2:09-CV-1878-LRH-PAL ORDER |
| SOUTHWEST LANDSCAPING & MAINTENANCE, INC., et al., ) ) ) Third Party Plaintiffs, ) ) v. ) ) JAMES C. MILLER, ) ) Third Party Defendant. ) | |

Before the court is third-party defendant James Miller's ("Miller") motion for summary judgment filed on October 14, 2010. Doc. #41.[1] Third-party plaintiffs filed an opposition (Doc. #48) to which Miller replied (Doc. #52).

---

[1] Refers to the court's docket number.

## I. Facts and Procedural History

This action stems from an insurance coverage declaratory relief action initiated by plaintiff American Family Mutual Insurance Company ("American Family") against defendants/third-party plaintiffs Southwest Landscaping & Maintenance, Inc. ("Southwest"); Miguel and Josefina Morales ("the Morales"); and Conrado Herrera ("Herrera"). Doc. #1.

On January 27, 2006, Herrera was driving a vehicle owned by Southwest, a company owned and operated by the Morales, when he allegedly struck the vehicle of Laura Fink ("Fink"). Fink alleges that she was injured in the accident and has filed a personal injury lawsuit in Nevada state court against Herrera, Southwest, and the Morales.

On September 24, 2009, American Family filed the present action for declaratory relief concerning the insurance coverage terms of certain insurance policies sold by American Family to Miguel Morales. In response, defendants/third-party plaintiffs filed an answer and counterclaims against American Family as well as a third-party complaint against American Family's agent, Miller, for negligent misrepresentation. Doc. #15. Defendants/third-party plaintiffs allege that Miller failed to provide accurate information when he sold Miguel Morales the underlying insurance policies. Thereafter, Miller filed the present motion for summary judgment. Doc. #41.

## II. Legal Standard

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**III.   Discussion**

Nevada has adopted the Restatement (Second) of Torts definition of the tort of negligent misrepresentation. *See Scaffidi v. United Nissan*, 425 F.Supp.2d 1159, 1169-70 (D. Nev. 2005). The Restatement (Second) of Torts provides that:

> One who, in the course of his business, profession or employment, or in any other action in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon that information, if he fails to exercise reasonable care or competence in obtaining or communicating the

information. Restatement (Second) of Torts § 522.

The undisputed evidence in this action established that third-party defendant Miller did not sell any of the underlying insurance policies to Miguel Morales nor make any of the alleged misrepresentations about policy coverage. In his deposition, Miguel Morales concedes that he purchased the policies at issue from non-party Misty Simmons before Miller took over his American Family account in 2005. *See* Doc. #41, Exhibit D, Morales Depo., p.86:21-p.87:18. Further, Morales concedes that Miller never made any specific representations concerning coverage for the underlying policies. *Id.*, p.91:21-p.93:16. Thus, because Miller was not present for, nor a party to, the alleged misrepresentations of insurance coverage, the court shall grant Miller's motion for summary judgment.

IT IS THEREFORE ORDERED that third-party defendant's motion for summary judgment (Doc. #41) is GRANTED. Third-party defendant James C. Miller is DISMISSED as a third-party defendant in this action.

IT IS SO ORDERED.

DATED this 5th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE