1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                                 DISTRICT OF NEVADA
8                                         * * *
9   AMERICAN FAMILY MUTUAL            )
    INSURANCE COMPANY,                )
10                                    )            2:09-CV-1878-LRH-PAL
            Plaintiff and Counterdefendant,  )
11                                    )
     v.                               )            ORDER
12                                    )
    SOUTHWEST LANDSCAPING &           )
13  MAINTENANCE, INC., et al.,        )
                                      )
14          Defendants and Counterclaimants.  )
                                      )
15                                    )
    SOUTHWEST LANDSCAPING &           )
16  MAINTENANCE, INC., et al.,        )
                                      )
17          Third Party Plaintiffs,   )
                                      )
18   v.                               )
                                      )
19  JAMES C. MILLER,                  )
                                      )
20          Third Party Defendant.    )
                                      )
21

22        Before the court is plaintiff/counter-defendant American Family Mutual Insurance

23  Company's ("American Family") motion for summary judgment. Doc. #42.[1]

24  Defendants/counterclaimants Southwest Landscaping & Maintenance, Inc.; Miguel Morales;

25

26  _____
         [1] Refers to the court's docket number.

Josefina Morales; and Conrado Herrera (collectively "Southwest defendants") filed an opposition (Doc. #47) to which American Family replied (Doc. #53).

**I.     Facts and Procedural History**

This action is an insurance coverage declaratory relief action initiated by American Family against the Southwest defendants. Doc. #1. On January 27, 2006, defendant Conrad Herrera ("Herrera") was driving a 1999 Ford F350 owned by defendant Southwest Landscaping & Maintenance, Inc. ("Southwest"), a company owned and operated by defendants Miguel and Josefina Morales ("the Morales"), when he allegedly struck another vehicle driven by defendant Laura Fink ("Fink"). Fink was severely injured in the accident and has filed a personal injury lawsuit in state court against Herrera, Southwest, and the Morales.

At the time of the accident, Southwest was insured by American Family under a Business Auto Policy ("BAP"). *See* Doc. #42, Exhibit 5. American Family is presently defending the Southwest defendants in state court under the terms of the BAP and has offered Fink the BAP policy limit. *See* Doc. #42. Also at the time of the accident, American Family insured the Morales under a Family Automobile Policy ("FAP") and a Personal Liability Umbrella Policy ("Umbrella Policy"). *See* Doc. #42, Exhibit 6; Doc. #42, Exhibit 7. American Family is not presently defending the Southwest defendants under either the FAP or Umbrella Policy and contends that neither policy provides coverage for the underlying auto accident and personal injury action. *See* Doc. #42.

On September 24, 2009, American Family filed the present action for declaratory relief concerning the coverage terms of the various insurance policies owned by the Morales. Doc. #1. In response, the Southwest defendants filed an answer and counterclaims against American Family alleging three causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) unfair claims practices. Doc. #25. Thereafter, American Family filed the present motion for summary judgment as to both the complaint for declaratory relief and the Southwest defendants' counterclaims. Doc. #42.

## II. Legal Standard

### A. Summary Judgment

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, are read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to establish a genuine dispute; there must be evidence on which the jury could reasonably find for the plaintiff. *See id.* at 252.

**B. Contract Interpretation**

The starting point for interpreting any insurance contract is the plain language of the contract. *McDaniel v. Sierra Health and Life Ins. Co., Inc.*, 53 P.3d 904 (Nev. 2002). When an insurance policy contains clear and unequivocal provisions, those provisions shall be construed to their usual and ordinary meaning. *Dickenson v. Nevada*, 877 P.2d 1059, 1061 (Nev. 1994). Thereafter, using the plain language of the contract, the court shall effectuate the intent of the parties, which may be determined in light of the surrounding circumstances. *See 2 NGA #2 Ltd. Liab. Co. v. Rains*, 133 Nev. 1151, 1158 (1997); *see also, Burrows v. Progressive Casualty Ins.*, 820 P.2d 748, 749 (Nev. 1991). Additionally, insurance contracts are construed in favor of coverage. *See Federal Ins. Co. v. American Hardware Mut. Ins. Co.*, 184 P.3d 490 (2008).

**III. Discussion**

At issue in this action is whether, and to what extent, the insurance policies issued by American Family, namely the FAP and Umbrella Policy, provide coverage for the claims in the separate personal injury action brought in state court.[2] American Family seeks a declaration that there is no duty to defend the Southwest defendants under either the FAP or Umbrella Policy. Further, American Family seeks summary judgment on all of the Southwest defendants' counterclaims. The court shall address each issue below.

**A. Family Auto Policy**

The Morales were named insured under a Family Auto Policy issued by American Family. Doc. #42, Exhibit 6. The FAP insured the following vehicles owned by the Morales: a 1999 Ford Expedition, a 2003 Toyota Corolla, and a 2004 Acura TSX. *Id*.

The 1999 Ford F350 that Herrera was driving at the time of the accident was not a covered

---

[2] At the time of the accident, Herrera was driving Southwest's 1999 Ford F350 that was insured by American Family under Southwest's BAP. Doc. #42, Exhibit 17. American Family is presently defending the Southwest defendants in the personal injury action and American Family concedes that there is coverage for the accident under the BAP. The applicability of the BAP is not in dispute.

automobile. *See* Doc. #42, Exhibit 6. Further, Herrera is neither a named insured, nor a covered relative under the FAP. *Id*. Therefore, the court finds that there is no coverage under the FAP for the underlying accident because the accident did not involve a named insured or a covered vehicle.[3] Accordingly, the court shall grant American Family's motion for summary judgment as to this issue.

### B. Personal Liability Umbrella Policy

At the time of Herrera's accident, the Morales were also insured by American Family under a Personal Liability Umbrella Policy. Doc. #42, Exhibit 7. American Family contends that there is no coverage under the Umbrella Policy because: (1) neither Herrera nor Southwest qualify as insureds under the umbrella policy; (2) the business exception excludes coverage because the accident occurred during the course and scope of Herrera's employment; and (3) the entrustment exception excludes coverage because the Business Auto Policy is not qualified underlying insurance. *See* Doc. #42.

#### 1. Insureds

The Umbrella Policy provides coverage for accidents caused by a person insured under the policy. *See* Doc. #42, Exhibit 7, p.4 ("We will pay, up to our limit, compensatory damages for which an insured becomes legally liable for injury caused by an occurrence covered by this policy."). Pursuant to Section 9 of Definitions, an insured is defined as: (1) the named insureds; (2) relatives of named insureds; and (3) a person authorized by a named insured to use a covered vehicle except if the vehicle is used in the course of any business. *See* Doc. #42, Exhibit 7, Definitions, Section 9. Here, the named insureds under the Umbrella Policy are the Morales who were not involved in the accident. Doc. #42, Exhibit 7, p.1. Neither Herrera nor Southwest are named insureds under the policy. *Id*.

---

[3] The Southwest defendants concede in their opposition that the Family Auto Policy is not applicable to Herrera's accident or Fink's personal injury action. *See* Doc. #47.

5

Further, neither Herrera nor Southwest are relatives of the Morales. As defined under the Umbrella Policy, a relative of an insured must be related by either blood, marriage, or adoption and must reside in the same household as the insured. Doc. #42, Exhibit 7, Definitions, Section 18. Southwest is a corporate defendant and there is no evidence before the court that Herrera satisfies these requirements.

Finally, the vehicle driven by Herrera, the 1999 Ford F350 is not a covered vehicle under the Umbrella Policy. *See* Doc. #42, Exhibit 5; Exhibit 7. The Umbrella Policy covers the use of vehicles insured under qualified underlying insurance. Doc. #42, Exhibit 7, p.2. The listed underlying insurance policies in the Umbrella Policy are the Morales' Family Auto Policy and a homeowner's policy. *Id*. The vehicles insured under the FAP are a 1999 Ford Expedition, a 2003 Toyota Corolla, and a 2004 Acura TSX. Doc. #42, Exhibit 6. The 1999 Ford F350 is not insured under the FAP. *Id*. Instead, it is insured under the BAP. *See* Doc. #42, Exhibit 5. Thus, the vehicle driven by Herrera was not a vehicle covered by the Umbrella Policy. Therefore, the court finds that Herrera and Southwest are not covered under the Umbrella Policy for the underlying accident and personal injury action.

As to the Morales, although they are named insureds, it is uncontested that they were not involved in the accident. Thus, the Umbrella Policy would only provide coverage to the Morales if (1) they "became legally liable for injury caused by an occurrence covered by this policy," and (2) there is no other exclusion of coverage under the Umbrella Policy. Doc. #42, Exhibit 7, p.4.

**2. Business Use Exclusion**

Pursuant to Section 3 of Exclusions, the Umbrella Policy does not provide coverage for the "business pursuits, or business property of an insured. " Doc. #42, Exhibit 7, Exclusions, Section 3. However, the business use exclusion does not apply if the business pursuit or property involves "[a]ctivities which are usual to non-business pursuits" or "[t]he use of a car for business purposes by an insured." Doc. #42, Exhibit 7, Exclusions, Section 3(a) and (f). Here, it is undisputed that the

accident occurred during the Southwest defendants' business pursuits. Thus, the business use exclusion is triggered and, under the plain language of the Umbrella Policy, there is no coverage for the Southwest defendants unless Section 3(a) or (f) apply.

Initially, the court notes that it has already determined that Herrera is not an insured under the Umbrella Policy. As such, Herrera's use of the vehicle does not fall within Section 3(f)'s "use of a car for business purposes of an insured." Doc. #42, Exhibit 7, Exclusions, Section 3(f).

Further, the court finds that Herrera was not engaged in "[a]ctivities which are usual to non-business pursuits" as required for Section 3(a) to preclude application of the business use exclusion. Doc. #42, Exhibit 7, Exclusions, Section 3(a). In order for an act to be considered a "non-business pursuit", the act must be one which is not associated in any way with the insured's business pursuits. *See e.g., Am. Hardware Mut. Ins. Co. v. Tri-State Mut. Ins. Co.*, 276 N.W.2d 264, 266 (S.D. 1979). Although there is a disputed issue of fact as to whether Herrera was on his way to a job site or on his way back to Southwest from a job site, it is undisputed that at the time of the accident he was driving a company vehicle during normal working hours and within the scope of his employment. As such, Herrera was not engaged in a "non-business pursuit" at the time of the accident. Therefore, the court finds that the business use exclusion applies to preclude coverage under the Umbrella Policy for the underlying accident.

### 3. Entrustment Exclusion

Pursuant to Section 2 of Exclusions, the Umbrella Policy does not provide coverage for the entrustment of a vehicle "except when covered by an underlying insurance listed in the declarations." Doc. #47, Exhibit 1, Exclusions, Section 2.

Here, the listed underlying insurance policies in the Umbrella Policy are the Morales' Family Auto Policy and a homeowner's policy. Doc. #42, Exhibit 7, p.2. The Business Auto Policy is not listed as qualified underlying insurance. *Id*. Thus, the 1999 Ford F350 insured under the BAP was not a vehicle covered by the Umbrella Policy. Therefore, the court finds that the entrustment

exclusion applies to preclude coverage under the Umbrella Policy for the underlying accident.

### C. Counterclaims

#### 1. Breach of Contract

In order to establish a breach of contract claim, a plaintiff must show: (1) the existence of a valid contract; (2) plaintiff's performance; (3) breach by defendant; and (4) damages. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000).

Initially, the court notes that only the Morales may allege a breach of contract because Herrera and Southwest are not named insureds under the American Family insurance policies at issue. Therefore, American Family is entitled to summary judgment on the breach of contract claim as to defendants Herrera and Southwest.

Further, the court finds that America Family did not breach the insurance policies because neither the FAP nor the Umbrella Policy provide coverage to the Morales for Herrera's accident. Accordingly, the court shall grant American Family's motion for summary judgment on this claim.

#### 2. Breach of Covenant of Good Faith and Fair Dealing

An insurer acts in bad faith when it refuses "'without proper cause' to compensate the insured for a loss covered by the policy." *Pemberton v. Farmers Ins. Exch.*, 858 P.2d 380, 382 (Nev. 1993) (quoting *United States Fid. & Guar. Co. v. Peterson*, 540 P.2d 1070, 1071 (Nev. 1975)). Such conduct is a breach of the covenant of good faith and fair dealing. *Id*.

In order to establish a prima facie case of bad faith, a plaintiff must establish that "the insurer knew or recklessly disregarded the fact that there was no reasonable basis for disputing coverage." *Powers v. United Servs. Auto. Ass'n*, 962 P.2d 596, 603 (Nev. 1998). "The vital element . . . is the insurance company's wrongful conduct, not merely in denying a claim incorrectly and, therefore, without "proper" cause, but in denying the claim wrongfully, without any reasonable basis or with the knowledge that it is denying a rightful claim." *Id*. at 620. However, there can be no bad faith when there is a reasonable dispute as to the legal or factual basis for coverage. *Id*.

1    Based on the record before the court, the court finds that the Southwest defendants have
2 failed to establish that American Family "knew or recklessly disregarded the fact that there was no
3 reasonable basis for disputing coverage." *Powers*, 962 P.2d ay 603. As outlined in the exclusions to
4 coverage identified and analyzed by the court, American Family had a reasonable basis to deny
5 coverage because Herrera's accident involved the business property of the Morales which is not
6 covered by the policies. Accordingly, American Family is entitled to judgment as a matter of law
7 on the bad faith claim.

### 3. Nevada Unfair Claims Practices Act

The Southwest defendants have also brought suit alleging that American Family violated Nevada's Unfair Claims Practices Act, NRS § 686A.310, *et seq*., by failing to offer defendant Fink the Umbrella Policy limit as a settlement in the underlying personal injury action. *See* NRS 686A.310(1)(e) (stating that it is a violation to effectuate prompt, fair and equitable settlements of claims where the liability of the insurer has become reasonably clear). However, the court finds that there is no evidence supporting the Southwest defendants' claim for violation of Nevada's Unfair Claims Practices Act. The undisputed evidence shows that American Family had a reasonable basis to deny coverage under the Umbrella Policy, and as such, American Family's liability under that policy was not reasonably clear for its denial to defend or failure to offer the policy limits to be a violation of the act. Further, American Family has acknowledged its duty to defend under the Business Auto Policy and has offered Fink the policy limits of that specific policy. Therefore, the court finds that the Southwest defendants have failed to establish that American Family violated the act in handling the claims of defendants. Accordingly, the court shall grant American Family's motion as to this claim.

///
///
///

1       IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment (Doc. #42)
2 is GRANTED.
3       IT IS FURTHER ORDERED that the clerk of court shall enter judgment accordingly.
4       IT IS SO ORDERED.
5       DATED this 6th day of April, 2011.

                                                                  _____
                                                                  LARRY R. HICKS
                                                                  UNITED STATES DISTRICT JUDGE